IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DEREK WARDLAW, | : | PRISONER CIVIL RIGHTS |
|    Plaintiff, | : | 42 U.S.C. § 1983 |
| | : | |
| v. | : | |
| | : | |
| IRA EDWARDS et al., | : | CIVIL ACTION NO. |
|    Defendants. | : | 1:16-CV-2067-WSD-JKL |

## FINAL REPORT AND RECOMMENDATION

Plaintiff is confined at Central State Prison in Macon, Georgia. Plaintiff, pro se, filed a complaint under 42 U.S.C. § 1983 seeking relief for the allegedly unconstitutional conditions of his previous confinement at the Clarke County Jail in Athens, Georgia (the "Jail"). (Doc. 1.)

Plaintiff contends that the Jail was overcrowded, cold, moldy, and otherwise unsanitary. (*Id.* at 3-4.) He alleges that he was not allowed to shave or exercise at the Jail and that a doctor there cancelled his medication. (*Id.*) Plaintiff named as Defendants the Sheriff of Clarke County, four officers who work at the Jail, and the doctor. (*Id.* at 3.) Plaintiff seeks damages and an injunction correcting the conditions at the Jail. (*Id.* at 4.)

AO 72A
(Rev.8/82)

This Court is not the proper venue for Plaintiff's action.  A § 1983 action may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).  Plaintiff's complaint concerns only his confinement at the Jail and people who work at the Jail (and, to the extent he does not work there, the Clarke County Sheriff).  (Doc. 1.)  The Jail is located in Clarke County, which is within the jurisdiction of the U.S. District Court for the Middle District of Georgia.

A district court must transfer a case filed in the wrong court to a court in which venue is proper "if it be in the interest of justice."   28 U.S.C. § 1406(a).  Because Plaintiff is proceeding pro se and likely does not know the venue laws, the undersigned finds it in the interest of justice to transfer this case.

2

Accordingly, **IT IS RECOMMENDED** that the Court **TRANSFER** this action to the U.S. District Court for the Middle District of Georgia, Athens Division, for further proceedings.

**SO RECOMMENDED**, this 22nd day of June, 2016.

_____
JOHN K. LARKINS III
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)